**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0820-14T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

AL'QUAADIR GREEN,

    Defendant-Appellant.

_____

        Submitted February 28, 2017 — Decided June 9, 2017

        Before Judges Messano and Espinosa.

        On appeal from the Superior Court of New
        Jersey, Law Division, Essex County, Indictment
        No. 01-10-4345.

        Al'Quaadir Green, appellant pro se.

        Carolyn A. Murray, Acting Essex County
        Prosecutor, attorney for respondent (LeeAnn
        Cunningham, Special Deputy Attorney
        General/Acting Assistant Prosecutor, of
        counsel and on the brief).

PER CURIAM

    Defendant appeals from the denial of his motion for

reconsideration of his second petition for post-conviction relief

(PCR) based upon newly discovered evidence. For the reasons that follow, we affirm.

Following a jury trial, defendant was convicted for the murder of two victims during the course of a robbery and related offenses and sentenced to an aggregate sentence of two consecutive life terms, each with a thirty-year period of parole ineligibility. Among the issues raised on direct appeal, defendant argued, "the admission of testimony regarding a letter purportedly written by defendant, wherein the writer requested that a witness to the incident be killed, constitute[d] reversible error." State v. Green, No. A-4154-05 (App. Div. Aug. 7, 2008) (Green I). We affirmed his convictions and sentence and the Supreme Court denied his petition for certification. State v. Green, 196 N.J. 601 (2008).

In his first PCR petition, defendant argued he was denied the effective assistance of counsel, in part, because his attorney failed to secure a handwriting expert to refute evidence that he had written the letter introduced at trial. State v. Green, No. A-3437-09 (App. Div. Jan. 11, 2012) (Green II), certif. denied, 211 N.J. 607 (2012). He also argued that the PCR judge erred in denying his request for an adjournment while the Public Defender's Office considered retaining a handwriting expert.

As we noted in our opinion affirming the denial of defendant's PCR petition, "[t]here was nothing before the PCR judge demonstrating a likelihood that a handwriting expert would be retained, or, more importantly, that he would render a favorable report." Id. at 9. Further, the PCR judge had advised that if defendant obtained a report, he could file a subsequent petition on "newly discovered evidence" grounds. Id. at 9-10 (quoting R. 3:22-12(a)(2)(B)).

Defendant filed a second PCR petition and a request for appointed counsel, both of which were denied by order dated May 29, 2013. Defendant did not appeal from that denial.

Instead, he filed a "letter-motion for reconsideration" on March 10, 2014, and an amended letter motion, dated January 9, 2014. In support of his motion, defendant submitted an affidavit from a forensic document examiner, Robert Baier. Baier refuted the proposition, apparently advanced by the prosecutors at trial, that when a block print format is used, "an analysis of handwriting cannot be done by comparing known writings of the suspect to the questioned writings." Notably, Baier did not: conduct any analysis of the letter submitted in evidence, compare the handwriting on the letter to any samples of defendant's handwriting or offer any opinion as to whether defendant was the author of the letter.

The trial judge denied defendant's motion for reconsideration, setting forth her reasons in a written opinion. We limited defendant's appeal to the order denying his motion for reconsideration. Defendant presents the following arguments for our consideration:

POINT I

TRIAL COUNSEL FAILED TO CONSULT A HANDWRITING EXPERT TO EXAMINE THE "NARIK WILSON" LETTER. TRIAL COUNSELS BELIEF THAT BLOCKPRINT HANDWRITING CANNOT BE TRACED IS A DIRECT CONTRADICTION TO HANDWRITING EXPERT MR. ROBERT BAIER SWORN AFFIDAVIT ATTESTING THAT BLOCK PRINT HANDWRITING CAN INDEED BE TRACED AND BRING BACK A CONCLUSION.

POINT II

DEFENDANT SHOULD HAVE BEEN ASSIGNED A PUBLIC DEFENDER TO REPRESENT HIM ON HIS SECOND OR SUBSEQUENT PETITION FOR POST CONVICTION RELIEF PURSUANT TO R. 3:22-6(b).

After reviewing these arguments in light of the record and applicable legal principles, we conclude they lack merit.

Although defendant cast his letter brief as a motion for reconsideration, it is more properly viewed as a third PCR petition, responding to the first PCR judge's invitation to file a new petition based on newly discovered evidence. To survive dismissal pursuant to Rule 3:22-4(b), the new petition had to be

timely under <u>Rule</u> 3:22-12(a)(2), a condition satisfied here, and also had to allege on its face

> that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted.
>
> [<u>R.</u> 3:22-4(b)(2)(B).]

Because the Public Defender's Office was unwilling to authorize the expense of a handwriting expert, we will accept that defendant could not have obtained the factual predicate for the relief sought earlier. But Baier's affidavit merely offers the opinion that a comparison is possible; it does not present any opinion based upon such a comparison. Therefore, it has no probative value as evidence tending to exculpate defendant.

To prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674, 693, 698 (1984); accord State v. Fritz, 105 N.J. 42, 52 (1987). Even assuming that the failure to obtain a report such as Baier's could satisfy the first of these prongs, the substance of Baier's report reveals no likelihood that it would have had any effect on the outcome here. Giving full credence to the report, it fails to "raise a reasonable probability that the relief sought would be granted," particularly when "viewed in light of the evidence as a whole." R. 3:22-4(b)(2)(B). We discern no abuse of discretion in the denial of defendant's motion for reconsideration of his PCR petition based on this affidavit.

Defendant also argues the trial judge erred in denying his request for appointed counsel pursuant to Rule 3:22-6(b), which states:

> Upon any second or subsequent petition filed pursuant to this Rule attacking the same conviction, the matter shall be assigned to the Office of the Public Defender only upon application therefor and showing of good cause. For purposes of this section, good cause exists only when the court finds that a substantial issue of fact or law requires assignment of counsel and when a second or subsequent petition alleges on its face a basis to preclude dismissal under R. 3:22-4.

This paragraph limits "good cause" to circumstances where the court finds "a substantial issue of fact or law" that signals some

6

merit in the petition. See Pressler & Verniero, Current N.J. Court Rules, comment on R. 3:22-6(b) (2017) ("Presumably, a good cause finding in this context means the court's satisfaction that there is some merit in the subsequent petition and that it is not wholly frivolous.") Baier's report fell short of creating a "substantial issue of fact" that would imbue the petition with any merit. The motion for appointed counsel was properly denied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION